IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLADSTON DANIEL RADWAY, | |
| *Petitioner*, | Civil Action No. 3:26-cv-104 |
| v. | Hon. William S. Stickman IV |
| JAMAL L. JAMISON, *et al*, | |
| *Respondents*. | |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. (ECF No. 1). Petitioner, a citizen of Jamaica, is currently detained at Moshannon Valley Processing Center. He entered the United States on or about October 31, 2022, after making illegal entry one mile north of the United States/Mexico border. He was detained, and then released on an order of recognizance on November 1, 2022. (ECF No. 8-2 at 1-2); (ECF No. 8-3). Petitioner was rearrested on November 14, 2025. His removal proceedings remain ongoing. (ECF No. 8-6). On December 2, 2025, the immigration judge denied his request for a bond hearing for lack of jurisdiction. Petitioner has not appealed that decision to the Board of Immigration Appeals ("BIA"). The Court finds the fact that Petitioner has not fully exhausted all of his administrative remedies prior to filing his habeas petition to be of no moment as it is an exercise in futility given the recent decisions of the Board of Immigration Appeals (i.e., *Matter of Li*, 29 I. & N. Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a

1

bond hearing.  The Court agrees.  Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States.  *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025).  The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country.  The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Petitioner's detention is governed by § 1226(a) and the Court holds that he has a statutory right to a bond hearing.

AND NOW, this 19th day of February 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (ECF No. 1) is GRANTED IN PART and DENIED IN PART.  It is GRANTED in that within ten (10) days of this Order, Petitioner must receive a bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226.  IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.  The Court lacks jurisdiction to enjoin Petitioner's transfer.

In light of the recent opinion of the United States Court of Appeals for Third Circuit,

*Abioye v. Warden Moshannon Valley Correctional Center*, --- F.4th ----, 2026 WL 263483 (3rd

Cir. Feb. 2, 2026), should he wish to do so, Petitioner shall file any motion for costs and fees

pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) within ten (10) days.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE